UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM FOLEY MILLER,

        Petitioner,

v.                               Case No:   2:13-cv-610-FtM-38MRM

STATE OF FLORIDA and FLORIDA
ATTORNEY GENERAL,

        Respondents.

_____/

## OPINION AND ORDER[1]

### I. Status

    This matter comes before the Court upon periodic review of the file. Petitioner

William Foley Miller (hereinafter "Petitioner," or "Miller") initiated this action proceeding

*pro se* by filing a timely 28 U.S.C. § 2254 petition for writ of habeas corpus (Docs. #1,

"Petition") challenging his judgment and conviction entered in the Twentieth Judicial

Circuit Court in Lee County, Florida.  The Petition raises six grounds for relief.  See

generally Petition.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Respondent[2] filed a Response (Doc. #8, Response) opposing all grounds and attached supporting exhibits (Doc. #8, Exhs. 1-19) consisting of the record on direct appeal and postconviction pleadings.   Respondent argues that Petitioner has not satisfied 28 U.S.C. § 2254(d) (1)-(2).[3]   Petitioner filed a Reply (Doc. #11).

For the reasons that follow, the Court concludes that Petitioner is not entitled to federal habeas relief.   Because the Petition can be resolved on the basis of the record, an evidentiary hearing is not warranted.   Schriro v. Landrigan, 550 U.S. 465, 473-474 (2007) (finding if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

## II.   Background[4]

Petitioner was charged by information with second degree murder in case number 07-cf-20409.   Exh. 1.   A jury found Petitioner guilty.   Exh. 3.   In accordance with the verdict, the judge sentenced Petitioner to life in prison.   Exh. 4 - Exh 5.

Petitioner, through counsel, pursued a direct appeal raising three grounds:

(1) whether the trial court abused its discretion when it denied the defense of a separate instruction on heat of passion manslaughter;

---

[2] Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent."   The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition."   Rumsfield v. Padilla, 542 U.S. 426, 435 (2004).   This is "'the person with the ability to produce the prisoner's body before the habeas court.'"   Id. at 435-436. In this case, the proper Respondent is the Secretary of the Florida Department of Corrections.   The Florida Attorney General is dismissed from this action.

[3] Respondent notes that the Petition is timely filed.   Response at 4.

[4] In pertinent part, the procedural history of this case is adopted from the Respondent's Response.

> (2)   whether the trial court abused its discretion when it denied the defense's request for a curative instruction after the prosecution improperly shifted the self-defense burden to the defense, and;
>
> (3) whether the trial court abused its discretion when it denied the defense's motion for a mistrial when a state's witness improperly commented on petitioner's request for a public defender.

Exh. 6.   The State filed an answer brief.   Exh. 7.   Upon review, the appellate court *per curiam* affirmed without a written opinion.   Exh. 8.

Petitioner then filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 raising the following three claims of ineffective assistance of trial counsel:

> (1)   ineffective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendment of the United States Constitution wherein [sic] counsel failed to call witness imperative to the defense;
>
> (2)   ineffective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendment of the United States Constitution where [sic] counsel failed to call defendant to testify and misadvised the defendant that the jury would learn of the specific nature of his prior convictions;
>
> (3)   ineffective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendment of the United States Constitution whereon [sic] counsel failed to object to an incorrect and misleading jury instruction for the lesser included offense of manslaughter.

Exh. 10.   The state filed a brief in response.   Exh. 11.   Upon review of the state's response, the postconviction court ordered an evidentiary hearing on grounds one and two, denied relief on ground three, and appointed counsel to represent Petitioner.   Exh. 13.   On September 14, 2011, the postconviction court held the evidentiary hearing.

Exh. 14.   Thereafter, the postconviction court entered an order denying Petitioner relief on his claims.   Exh. 15.

Petitioner appealed the postconviction court's decision.   Exh. 16.   The appellate court *per curiam* affirmed the lower court's without written decision on March 20, 2013. Exh. 18.   Petitioner then initiated the instant federal habeas petition on August 16, 2013.

### III.   Applicable § 2254 Law

### A.   Deferential Review Required By AEDPA

Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001).   Consequently, post-AEDPA law governs this action.   Abdul-Kabir, 550 U.S. at 246; Penry, 532 U.S. at 792; Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).

Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   Cullen v. Pinholster, 563 U.S. 170, 181 (2011).   "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt."   Id. (internal quotations and citations omitted).   See also Harrington v. Richter, 562 U.S. 86, 102 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, 559 U.S. 43, 47 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)) (recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012) (internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 562 U.S. at 86. First, the Court determines what arguments or theories support the state

court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision.  Id. (citations omitted).  Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005).  The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### B.    Ineffective Assistance of Counsel Claims

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008).  Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  Newland, 527 F.3d at 1184.  In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a

fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 688; <u>see also</u> <u>Bobby Van Hook</u>, 558 U.S. 4, 8 (2009); <u>Cullen v. Pinholster</u>, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." <u>Bobby Van Hook</u>, 558 U.S. at 9 (internal quotations and citations omitted).   It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." <u>Jones v. Campbell</u>, 436 F.3d 1285, 1293 (11th Cir. 2006).   A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000) (quoting <u>Strickland</u>, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. <u>Id.</u>   A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 689.   An attorney is not ineffective for failing to raise or preserve a meritless issue. <u>Ladd v. Jones</u>, 864 F.2d 108, 109-10 (11th Cir. 1989); <u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different.   So, omissions are inevitable.   But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting <u>Burger v. Kemp</u>, 483 U.S. 776, 794 (1987)).

### III.   Findings of Fact and Conclusions of Law

The Petition raises six grounds for relief.   Grounds One, Three, and Five raise "trial court error" claims.   See generally Petition.   Grounds Two, Four, and Six raise ineffective assistance of trial counsel.   Id.   Respondent opposes relief on all six grounds.   The Court will address the claims in numerical order.

## A.   Ground One

Petitioner alleges that the prosecution improperly shifted the self-defense burden to the defense when the prosecutor stated "there is absolutely no evidence to show that the defendant had justifiable use of deadly force."   Petition at 6.   Petitioner contends that he established a *prima facie* case of self-defense because other witnesses testified as to Petitioner's injuries sustained in the attack, that the deceased had "violent and aggressive behavior," and that the deceased had cocaine, alcohol, and Xanax in his system at the time of death.   Id.

In Response, Respondent contends the claim is unexhausted and now procedurally defaulted because Petitioner never raised the claim in terms of a violation of federal law on direct appeal.   Response at 5-6.   Alternatively, Respondent asserts the claim lacks merit because Petitioner cannot show that the prosecutor's comment so infected the trial with unfairness as to make the resulting conviction a violation of due process.   Id. at 6.

A review of the record confirms that Respondent is correct concerning Petitioner's failure to exhaust his claim.   Response at 5-6.   A review of the record shows that Petitioner's failed to exhaust the federal dimension of this claim before the state courts. On direct appeal, Petitioner did not raise this claim as one of a federal constitutional violation.   Exh. 6.   Petitioner only claimed a violation of state law.   Id. at 10-12.

Petitioner's direct appeal brief did not cite any cases referencing a violation of the federal constitution.   Id.   For a habeas petitioner to fairly present a federal claim to the state courts:

> It is not sufficient merely that the federal habeas petition has been through the state courts. . . nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made. Rather, in order to ensure that state courts have the first opportunity to hear all claims, federal courts "have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."   While we do not require a verbatim restatement of the claims brought in state court, we do require that a petitioner presented his claims to the state court "such that a reasonable reader would understand each claim's particular legal basis and specific factual fountain.

McNair v. Campbell, 416 F.3d 1291, 1301 (11th Cir. 2005).     Florida law now precludes Petitioner from raising the federal dimension of his claim before the State courts. Consequently, the Court dismisses Ground One as unexhausted and procedurally defaulted.

### B.   Ground Two

Petitioner alleges that counsel rendered ineffective assistance when counsel failed to call a witness imperative to the defense.   Petition at 9.   Petitioner contends that the witness would have testified regarding the victim's violent behavior during the fight.   Id. Specifically, Petitioner contends that the witness would have testified that the victim started the fight with Petitioner, after Petitioner accused him of stealing six hundred dollars from him.   Further, Petitioner claims that this witness would have testified that the victim hit Petitioner several times and broke his glasses.   Id.

In Response, Respondent notes that Petitioner raised this claim as his first ground for relief in his Rule 3.850 postconviction motion.   Response at 7.   Respondent directs

the court to the postconviction court's order denying Petitioner relief on this claim, which was entered following an evidentiary hearing.  Id. at 8.  Respondent contends that Petitioner has failed to demonstrate either deficient performance or prejudice, and the state court's denial of relief was neither contrary to, nor an unreasonable application of Strickland.  Id. at 10.

The Court finds Ground Two is exhausted to the extent Petitioner raised this claim as his first claim for relief in his Rule 3.850 motions and the adverse result appealed thereafter.  See Exh. 10 (Rule 3.850 motion); Exh. 15 (order from postconviction court denying relief); Exh. 16 (appellate brief); Exh. 18 (appellate court order per curiam affirming the decision).

In denying Petitioner relief on this claim, the postconviction court found as follows:

> [Miller] alleges ineffective assistance of counsel for failure to call a witness.  At the beginning of the hearing, defense counsel moved for a continuance, representing that he had difficulty locating the witness, James Nunemaker, and that to his knowledge, Mr. Nunemaker is or was homeless, occasionally lives with his son, a Mr. Hoskins' residence and left several notes, but has received no response.  The Court noted that the hearing had been set since July 26, 2011, for the September 14, 2011 hearing.  Even though counsel stated his optimism of placing Mr. Nunemaker under subpoena, he presented no facts in support as to how thought he [sic] could produce the witness in a timely fashion when he had been unable to do so previously.  Based upon the uncertainty of counsel's representations, the Court denied the continuance and directed that Defendant proceed on his claims.
>
> To the extent that [Miller] is not able to establish Mr. Nunemaker's availability or what his testimony would have been at trial, the Court finds that Defendant has failed to meet his burden of demonstrating that counsel was deficient or that Defendant was prejudiced as it relates to **Ground One**.  Furthermore, trial counsel, David Brener, testified that Mr. Nunemaker was listed as a State witness, and he had determined that his testimony would not have been favorable

to [Miller], and therefore, his decision to not call James Nunemaker as a witness was a matter of trial strategy.  In light of Mr. Brener's testimony, this Court cannot find anything inherently unreasonable about counsel's trial strategy. [Miller] has failed to meet his burden of overcoming the presumption that counsel's decision to not call Mr. Nunemaker as a witness was the product of reasonable trial strategy.  State v. Chattin, 877 So. 2d 747 (Fla. 2d DCA 2004) (in a claim of ineffective assistance of counsel, it is defendant's burden to overcome the presumption that the challenged actions of counsel might be considered sound trial strategy).  Defendant has failed to meet his burden of demonstrating that counsel acted deficiently within the meaning of Strickland.  Accordingly, Ground One is without merit and DENIED.

Exh. 15 at 524-525 (emphasis in original).

The Court finds that the Florida court's denial of postconviction relief did not result in a decision that was "contrary to, or involved an unreasonable application of" Strickland, or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the Florida court.   Significantly, the postconviction court record determined that defense counsel tried to locate Nunemaker and even moved for a continuance to do so, but was unable to locate Nunemaker, who was homeless. Further, the postconviction court determined that Petitioner could not show either deficient performance or prejudice under Strickland as a result of counsel's failure to call Mr. Nunemaker as a witness because Nunemaker was actually listed as a witness for the State.   Additionally, although not noted by the postconviction court in its order, it is evident that Nunemaker was not available to testify as a witness because he was not located.  See Gideon v. Dep't of Corr., 295 F. App'x 988, 989 (11th Cir. 2008) (noting district court did not error in denying ineffective assistance of counsel claims when a petitioner could not establish prejudice because the witness was not available to testify). Accordingly, Petitioner is denied relief on Ground One because the postconviction court's

decision was not contrary to, or an unreasonable application of" <u>Strickland</u>.   Nor was the decision "based on an unreasonable determination of the facts in light of the evidence presented" in the Florida court.   Accordingly, Petitioner is denied relief on Ground Two.

### C.   Ground Three

Petitioner alleges that the state court violated Petitioner's federal constitutional right when it erred by denying Petitioner's motion for mistrial.   Petition at 11.   The context of this claim arises from a crime scene investigator's testimony on cross-examination concerning Petitioner's "cooperativeness."   <u>Id.</u>   Specifically, on cross-exanimation Petitioner's attorney asked whether Petitioner was cooperative, to which the crime scene technician respond that Petitioner kept asking to speak to his public defender.   <u>Id.</u>

In Response, Respondent contends the claim is unexhausted and procedurally defaulted because Petitioner did not raise the federal dimension of his claim before the state courts.   Response at 10.   Turning to the merits, Respondent contends that the remark was not an improper comment on petitioner's right to silence or counsel, but was elicited by defense counsel and was harmless in light of the overwhelming evidence of Petitioner's guilt.   <u>Id.</u> at 11.

Based on a review of the record and binding precedent, the Court finds this claim is unexhausted and procedurally defaulted.   On direct appeal, Petitioner did not raise this claim as one of a federal constitutional violation.   Exh. 6.   Petitioner only claimed a violation of state law.   <u>Id.</u> at 12-13.   Petitioner's direct appeal brief did not even cite any cases referencing a violation of the federal constitution.   Thus, Petitioner deprived the state court of the first opportunity to hear all claims.   <u>Supra</u> 8-9 (citing <u>McNair</u>, 416 F.3d

at 1301).   Florida law now precludes Petitioner from attempting to raise the federal dimension of this claim before the State court.   Consequently, the Court dismisses Ground Three as unexhausted and procedurally defaulted.

### D.  Ground Four

Petitioner alleges counsel rendered ineffective assistance of counsel when counsel "made him waive his right to testify."   Petition at 14.   Specifically, Petitioner contends that if he had testified, he would have explained that he was "in fear of [sic] his life," that "the victim hit him, and was on top of him and beating him repeatedly."   Id.

In Response, Respondent refers the Court to the postconviction court's order denying Petitioner relief on this claim.   Response at 11-12.   Respondent contends that Petitioner has not shown deficient performance or prejudice, and that the state court's decision was neither contrary to, nor an unreasonable application of Strickland.   Id. at 14.

The Court finds Ground Four is exhausted to the extent Petitioner raised this claim as his second claim for relief in his Rule 3.850 motion and appealed the adverse result thereafter.   See Exh. 10 (Rule 3.850 motion); Exh. 15 (order from postconviction court denying relief); Exh. 16 (appellate brief); Exh. 18 (appellate court order per curiam affirming the decision).

In denying Petitioner relief on this claim, the postconviction court found as follows:

> [Miller] alleges in his motion that he was misadvised that the jury would learn of the specific nature of his prior convictions if he were to testify at trial.   However, at the hearing, [Miller] alleges for the first time a discrepancy regarding whether [Miller] had one or two felonies.   Mr. Brenner testified as to his knowledge of the rule involving the State questioning a defendant as to the specific nature of prior convictions and that it is normal practice to advise his clients that if a client

testifies, then there is only one proper question that can be asked if the defendant correctly acknowledges the number of convictions, whether he or she has ever been convicted of a felony or a crime involving dishonesty or false statement.   Mr. Brener further testifies that to his knowledge of the fact that if a defendant states the incorrect number of prior convictions, then the State could prove up the nature of the convictions in order to establish them.   Mr. Brener testified that he would have never advise[d] a client that if he or she can answer the number of convictions questions correctly, then the nature of the convictions will be revealed.

To the extent that [Miller's] own testimony reveals a discrepancy in the number of his prior felonies, trial counsel would not have been deficient in advising that there was a possibility that the State could have brought out the specific nature of [Miller's] prior convictions.   In light of the testimony of Mr. Brener and [Miller] offered at the evidentiary hearing, the Court finds that [Miller] has failed to meet his burden of demonstrating deficient performance of counsel.   Even if [Miller] had testified as he claimed at the evidentiary hearing, there is no reasonable probability that the outcome would have been different.

The record reflects that, at trial, several witnesses testified that [Miller] incriminated himself, regardless of whether the killing was self-defense.   Alisha Raybuck, the front desk check-in clerk at Day's Inn, where the homicide took place, testified that she received a phone call from a man, later identified as [Miller], who stated:

"This is Room 232.   Please call 911 and ask for the Homicide Unit." (Trial Tr. vol. II, 214:6-15.)

Ms. Raybuck asked if there has been a homicide to which [Miller] affirmed and replied, "'Some stupid crack b**** or, 'Some stupid crack w****.'" (Trial. Tr. vol. II, 215:5-13.)   Ms. Raybuck further testified that when [Miller] was being taken down the stairs by the police and brought to the police car, [Miller] said in a loud voice"

"The b**** tried to kill me.   That b**** tried to kill me with a beer bottle." (Trial Tr. vol. II, 217:16-218:5.)

Ronald A. Beecroft, a firefighter and paramedic with the North Fort Myers Fire Department, also testified that when he asked [Miller] what happened, [Miller] replied:

"She's a crack w****.   She tried to kill me, so I killed her." (Tr. Tr. vol. II, 257:19-21.)  .   .   .   .   .

It's notable that during the postconviction evidentiary hearing held on September 14, 2011, [Miller] admitted that while at the hospital, he stated, "Yeah, I'm hopin' she was dead."

At the evidentiary hearing, [Miller] had the burden of proving his claims of ineffective assistance of trial counsel.  <u>Green v. State</u>, 857 So. 2d 304 (Fla. 2d DCA 2003).   A defendant must demonstrate that counsel's performance was deficient and that there is a reasonable probability that the outcome of the proceedings would have been different.  <u>Locklear v. State</u>, 847 So. 2d 543 (Fla. 2d DCA 2003) (citing <u>Strickland v. Washington</u>, 466 U.S. 668 (1984)).   As stated by the Florida Supreme Court in <u>Gore v. State</u>, 846 So. 2d 461, 467 (Fla. 2003) (citations omitted):

As to the first prong, deficient performance, a defendant must establish conduct on the part of counsel that is outside the broad range of competent performance under prevailing professional standards.   Second, as to the prejudice prong, the deficient performance must be shown to have so affected the fairness and reliability of the proceedings that the confidence in the outcome is undermined.

In light of the evidence at trial, and Defendant's testimony at the evidentiary hearing, [Miller] has failed to demonstrate that, by not offering his own testimony, confidence in the outcome of the trial was undermined.   Accordingly, **Ground Two** is without merit and is DENIED.

Exh. 15 at 525-526 (emphasis in original).

The Court finds that the Florida court's denial of postconviction relief did not result in a decision that was "contrary to, or involved an unreasonable application of" <u>Strickland</u>, or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the Florida court.   Significantly, the postconviction court reasonably determined that Petitioner could not demonstrate deficient performance of counsel or prejudice stemming from Petitioner's failure to testify because the jury would have likely learned about Petitioner's prior felonies (considering he couldn't remember

how many felonies he had during the evidentiary hearing) and the overwhelming evidence of his guilt.    Accordingly, Petitioner is denied relief on Ground Four because the postconviction court's decision was not contrary to, or involved an unreasonable application of" Strickland, or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the Florida court.

### E.  Grounds Five

Petitioner alleges that the state court erred in denying his counsel's request for a jury instruction on heat of passion.    Petition at 15.    Petitioner contends that the jury instructions only contained the term "heat of passion" once.    Id.    Petitioner states that the jury was instructed that if they found Petitioner acted in the heat of passion, the killing would be excusable and lawful, but the verdict form only gave the choice of being guilty of homicide or acquitted.    Id.

In Response, Respondent contends that the Petition does not allege a violation of Petitioner's federal constitutional rights.    Thus, Respondent argues that Petitioner is not entitled to federal habeas corpus relief on a matter concerning only state law.    Response at 15.

Based on a review of the record and binding precedent, the Court finds the claim is unexhausted and procedurally defaulted.    Petitioner raised this claim on direct appeal (ground one), but only alleged violations of State law.    Exh. 6.    Petitioner did not argue that he was denied "due process" or denied a "fair trial" under federal law.    Nowhere in his direct appeal brief does Petitioner cite to United States Constitution or to any Constitutional amendments.    Florida law precludes Petitioner from now attempting to

raise the federal dimension of this issue before the State court.    Consequently, the Court

finds Ground Five is unexhausted and procedurally defaulted.

### F.  Ground Six

Petitioner alleges counsel rendered ineffective assistance of counsel when

counsel failed to object to an incorrect and misleading jury instruction of the lesser

included offense of manslaughter.    Petition at 16.

In Response, Respondent acknowledges that this claim is exhausted to the extent

that Petitioner raised this claim as his third ground for relief in his Rule 3.850 motion.

Response at 15.    Respondent refers the Court to the postconviction court's order of

denial and argues that the decision was not contrary to or an unreasonable application of

Strickland.    Id. at 16.

The Court finds Ground Six is exhausted to the extent Petitioner raised this claim

as his third claim for relief in his Rule 3.850 motion and appealed the adverse result

thereafter.    See Exh. 10 (Rule 3.850 motion); Exh. 13 (order from postconviction court

denying relief); Exh. 16 (appellate brief); Exh. 18 (appellate court order *per curiam*

affirming the decision).

In denying Petitioner relief on this claim, the postconviction court found as follows:

> [Miller] asserts that trial counsel was ineffective in not
> objecting to an alleged incorrect and misleading jury
> instruction for the lesser-included offense of manslaughter.
> [Miller] cites as support State v. Montgomery, 35 So. 3d 252
> (Fla. 2010) where the Florida Supreme Court held that the
> standard jury instruction on manslaughter by act improperly
> required the burden of proof of intent to kill and the use thereof
> constituted fundamental error.
>
> However, unlike Montgomery, the facts in the case at bar are
> distinguishable because the manslaughter jury instruction
> given in his case gave the jury the option of finding
> manslaughter by culpable negligence and thus did not

constitute error.  See Barros-Dias v. State, 41 So. 3d 370, 372 (Fla. 2d DCA 2010); Cubelo v. State, 41 So. 3d 263 (Fla. 3d DCA 2010); Singh v. State, 36 So. 3d 848 (Fla. 4th DCA 2010).   Attached hereto is a copy of the portion of the transcript at which this instruction was read.  (Tr. 806:14-808:5).  Counsel had no basis upon which to object, and cannot be deemed ineffective for failing to raise a meritless issue.  Teffeteller v. Dugger, 734 So. 2d 109, 1023 (Fla. 1999).  [Miller] failed to allege any facts that, if true, satisfy either prong of Strickland.  As a matter of law and based upon the facts alleged, the Court finds that trial counsel cannot be found to have been ineffective within the meaning of Strickland, in not objecting to the jury instruction of manslaughter.

Exh. 13. at 391-392.

The Court finds that the Florida court's denial of postconviction relief did not result in a decision that was "contrary to, or involved an unreasonable application of" Strickland, or "in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the Florida court.   Significantly, the postconviction court reasonably determined that Petitioner could not demonstrate deficient performance of counsel or prejudice stemming from defense counsel's failure to object to the jury instruction because such an objection would have been meritless.   Accordingly, Petitioner is denied relief on Ground Six.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  The § 2254 Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**.   Ground One, Three, and Five are dismissed as unexhausted and procedurally defaulted. Grounds Two, Four, and Six are denied.

2.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition. A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of September, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

FTMP-1
Copies: All Parties of Record